UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BERKLEY ASSURANCE COMPANY,
                        Plaintiff,

                  -v-

MACDONALD-MILLER FACILITY
SOLUTIONS, INC. et al.,
                        Defendants.

19-CV-7627 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

        Defendant MacDonald-Miller Facility Solutions, Inc. moves this Court to reconsider the Opinion and Order entered on December 16, 2019, in which the Court determined that this action, and not a later-filed action in the United States District Court for the Western District of Washington, would receive priority. (Dkt. No. 48.) The motion for reconsideration is denied.

        Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011). It will "generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995).

        MacDonald-Miller first attacks the Court's opinion for engaging in "impermissible circular reasoning" by assuming the validity of the insurance policy's choice-of-law provision. (Dkt. No. 51 at 1, 3.) MacDonald-Miller argues that the first step in the analysis ought to have been to conduct a *de novo* choice-of-law analysis. (Dkt. No. 51 at 4–7.) Such an analysis, MacDonald-Miller argues, would have selected the state law of Washington. And because Washington state law invalidates such choice-of-law provisions, *see* Wash. Rev. Code

1

§ 48.18.200(1), the policy's choice-of-law provision is "null and void from inception" (Dkt. No. 51 at 6).

This Court sits in New York and therefore applies New York's choice-of-law rules. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). But MacDonald-Miller urges this Court to do precisely what New York's choice-of-law rules forbid. Under New York law, "[i]n the case of certain contracts" — like this one — "covering high-value transactions, a choice of law clause selecting New York law will be honored regardless of the contacts between the state and the transaction." *Usach v. Tikhman*, No. 11-CV- 954, 2011 WL 6106542, at *5 (S.D.N.Y. Dec. 7, 2011) (citing N.Y. Gen. Obtig. Law § 5-1401(1)). New York enacted this statute because it

> feared that New York courts would not recognize "a choice of New York law [in certain contracts] on the ground that the particular contract had insufficient 'contact' or 'relationship' with New York." Instead of applying New York law, the courts would conduct a conflicts analysis and apply the law of the jurisdiction with "the most significant relationship to the transaction and the parties."

*IRB-Brasil Resseguros, S.A. v. Inepar Investments, S.A.*, 982 N.E.2d 609, 611 (N.Y. 2012) (alteration in original) (quoting *Zurich Ins. Co. v. Shearson Lehman Hutton*, 642 N.E.2d 1065, 1068 (N.Y. 1994)). The New York legislature was concerned that "[a]s a result, parties would be deterred from choosing the law of New York in their contracts, and the Legislature was concerned about how that would affect the standing of New York as a commercial and financial center." *Id.*

Even so, MacDonald-Miller's position is that New York choice-of-law rules require this Court to "engage in a conflict-of-laws analysis despite the parties' plainly expressed desire to apply New York law." *Id.* That position strains credulity and blinks common sense. Furthermore — according to the high court of New York — that precise result would "would

2

frustrate the Legislature's purpose of encouraging a predictable contractual choice of New York commercial law and, crucially, of eliminating uncertainty regarding the governing law." *Id.* at 612. On matters of conflict of law, this Court is bound by the decision of the New York Court of Appeals. *See Klaxon*, 313 U.S. at 496. And it is difficult to imagine a clearer repudiation of MacDonald-Miller's position from that court.

At the heart of MacDonald-Miller's argument lies a fundamental conceptual error. In all cases, "[t]he validity of a contractual choice-of-law clause is a threshold question that must be decided not under the law specified in the clause, *but under the relevant forum's choice-of-law rules governing the effectiveness of such clauses.*" *Fin. One Pub. Co. v. Lehman Bros. Special Fin., Inc.*, 414 F.3d 325, 332 (2d Cir. 2005) (emphasis added). And New York's choice-of-law rules distinguish between issues of contract formation and other threshold issues of contract validity. If MacDonald-Miller were to object, for example, on the ground that it never assented to the choice-of-law provision, then New York law would call for a choice-of-law analysis that ignores the effect of the provision. *See Schnabel v. Trilegiant Corp.*, 697 F.3d 110, 119 (2d Cir. 2012) (engaging in choice-of-law analysis "without [relying on the] choice of law provision" because the provision "was not shown" to one of the parties to the contract). Here, however, MacDonald-Miller contends that the choice-of-law provision, although otherwise valid, lacks force because it is void under the state law of Washington. This contention finds no support in New York law — which is, of course, "the relevant forum's choice-of-law rules governing the effectiveness of such clauses." *Fin One Pub. Co.*, 414 F.3d at 332. That ends the matter.

MacDonald-Miller also moves for reconsideration of the Court's decision on the alternative ground that the Court incorrectly applied the first-filed rule. MacDonald-Miller first argues that the Court's balance-of-convenience analysis incorrectly considered the relevance of

the "invalid" choice-of-law clause. (Dkt. No. 51 at 8.) For the reasons already given above, that argument is a nonstarter. MacDonald-Miller also argues that the case falls within the "special circumstances" exception to the first-filed rule because of the presence of forum shopping. But as the Court explained in its prior opinion, this exception cannot apply "[i]n light of the parties' prior consent to jurisdiction in the courts of New York." *Reliance Ins. Co. v. Six Star, Inc.*, 155 F. Supp. 2d 49, 55 (S.D.N.Y. 2001). "[T]here is no basis for a claim of forum shopping" if a litigant simply seeks to commence litigation in a forum previously selected by the parties. *Id.* (citing *Farrell Lines Inc. v. Columbus Cello-Poly Corp.*, 32 F. Supp. 2d 118, 125 (S.D.N.Y. 1997)).

Finally, the Court declines to certify the case for interlocutory appellate review. Pursuant to 28 U.S.C. § 1292(b), the authority to certify a case for review extends only to cases in which "there is substantial ground for difference of opinion" on a "controlling question of law." Here, the only such question identified by MacDonald-Miller is the choice-of-law determination. And, as explained above, the New York Court of Appeals has directly repudiated MacDonald-Miller's understanding of New York choice-of-law rules. Accordingly, the Court denies MacDonald-Miller's request to certify the question to the Second Circuit.

MacDonald-Miller's motion for reconsideration is DENIED. The Clerk of Court is directed to close the motion at Docket Number 50.

SO ORDERED.

Dated: April 1, 2020
      New York, New York

_____
J. PAUL OETKEN
United States District Judge

4